**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Eduardo Pineda-Salgado, | ) | No. CV10-0775-PHX-SRB |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Unknown Blair, et al., | ) | |
| Respondents, | ) | |

Petitioner Eduardo Pineda-Salgado filed an Amended Petition for Writ of Habeas Corpus raising two grounds for relief. Petitioner asserts that his Sixth Amendment and Due Process Rights were violated when the trial court failed to instruct the jury on the lesser included offense of theft. Petitioner also argues that his Sixth Amendment Rights were violated because the trial court sentenced him to an aggravated term of imprisonment. The Respondents responded in opposition to the Petition asserting that Petitioner's claims were procedurally defaulted and that they were without merit. Petitioner filed a reply in support of his Petition.

On May 18, 2011, the Magistrate Judge issued his Report and Recommendation recommending to this Court that the Petition be dismissed with prejudice because Petitioner failed to exhaust his state remedies, failed to show any excuse for his procedural defaults, and did not assert an actual innocence claim.

1    Petitioner filed timely written objections to the Report and Recommendation to which
2 Respondents filed a written response. Petitioner objects to the Magistrate Judge's conclusion
3 that he failed to properly exhaust his claims by failing to raise them as constitutional claims
4 before the state court. He argues that because he quoted from a federal authority and cited
5 to the state court decision in *State v. Wall*, 212 Ariz. 1, 126 P.3d 148 (2006), these citations
6 were sufficient to the put the Arizona courts on notice that he was raising a federal claim.
7 He also asserts that because he mentioned the protection of his due process rights in his
8 Petition for Review to the Arizona Supreme Court on his direct appeal that he did include an
9 assertion that the failure to instruct on the lesser included offense was a federal constitutional
10 claim. Finally, Petitioner argues that he did not knowingly and intelligently waive any
11 claims in his Petition for Post-Conviction Relief proceedings in the state court because his
12 lawyer didn't inform him and his lack of knowledge amounted to ineffective assistance by
13 his counsel. Finally, the objection contains the statement, "A constitutional violation has
14 resulted in the conviction of one who is actual innocent."
15    The response to the objections notes, as did the Magistrate Judge, that the presentation
16 of the claim for failure to instruct on the lesser included offense of theft was presented to the
17 state court as a state claim. The mere references to a federal case and to a state case that cites
18 that federal case were insufficient to alert the state appellate court that Petitioner was raising
19 a federal due process claim. Respondents also note, as did the Magistrate Judge, that the
20 mere reference to "due process" in the Petition for Review to the Arizona Supreme Court
21 cannot constitute a proper exhaustion of a federal claim based on its failure to say whether
22 the reference was to the federal or state constitution and because proper exhaustion requires
23 it to be raised at every level of review and not for the first time on Petition for Review to the
24 Arizona Supreme Court. The response also notes that with respect to Petitioner's claim that
25 ineffective assistance of counsel was the cause of his procedural default, that claim must be
26 fairly presented to the state court in order to satisfy the requirements for exhaustion.
27 *Edwards v. Carpenter,* 529 U.S. 446, 453 (2000). Petitioner made no assertion of ineffective
28 assistance of counsel in the Arizona courts and cannot raise it for the first time here. Finally,

- 2 -

1     the response notes that a claim of actual innocence without more does not meet the
2     Petitioner's burden of establishing actual innocence to excuse procedural default.

3            After a *de novo* review of the record in this case, the Magistrate Judge's Report and
4     Recommendations, the objections and the response to the objections, the Court finds itself
5     in agreement with the Report and Recommendation of the Magistrate Judge in this case.  The
6     Court finds that Petitioner has procedurally defaulted both his claim that his federal
7     constitutional rights were violated by the trial court's failure to give a jury instruction on a
8     lesser included offense and that his federal constitutional rights under *Apprendi v. New*
9     *Jersey,* 530 U.S. 466 (2000) were violated by his sentence. Neither claim was fairly
10   presented to the state court as a federal claim. With respect to the sentencing claim, Petitioner
11   failed to seek review of the trial court's denial of his Petition for Post-Conviction Relief with
12   the Arizona Court of Appeals.  Finally, no showing of cause and prejudice has been made
13   or is even alleged to have been made by Petitioner. Petitioner's bare assertion that he is
14   actually innocent is insufficient to avoid the procedural default.  Because Plaintiff can no
15   longer return to state court to attempt to exhaust, the Petition must be dismissed with
16   prejudice.

17          IT IS ORDERED overruling the objections to the Magistrate Judge's Report and
18   Recommendation.

19          IT IS FURTHER ORDERED adopting the Report and Recommendation as the order
20   of this Court.

21          IT IS FURTHER ORDERED that the Amended Petition for Writ of Habeas Corpus
22   is dismissed with prejudice.

23   / / /
24   / / /
25   / / /
26   / / /
27   / / /
28   / / /

1    IT IS FURTHER ORDERED that a certificate of appealability be denied because
2 jurists of reason would not find it debatable whether this Court was correct in its procedural
3 ruling.

5    DATED this 30th day of June, 2011.

_____
Susan R. Bolton
United States District Judge